00-6158

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CIV-GRAHAM

In re:
JOSEPH E. MCCALLION,

Case No. 99-20357-BKC-PGH
Chapter 7

Debtor.
_____/

MAGISTRATE
TURNOFF

HAROLD B. MURPHY Bankruptcy Trustee
for Fayette Corporation,
        Plaintiff
v
JOSEPH MCCALLION,
        Defendant.
_____/

Adv. No. 99-2140-BKC-PGH-A

NOTICE OF APPEAL

1. Defendant, Joseph McCallion,, appeals the Bankruptcy Court's Memorandum Opinion and Order entered on the docket on December 3, 1999, Court papers numbered 23, 24.

2. The parties to the Order appealed from and the names and addresses of their respective attorneys are as follows:

HAROLD B. MURPHY
Bankruptcy Trustee for Fayette Corporation
c/o Lloyd E. Swaim, Esq.
7880 W. Oakland Park Blvd., Suite 202
Sunrise, FL 33308

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1, and that a copy of the foregoing was served this 13th day of December, 1999, via first class mail postage prepaid to Lloyd E. Swaim, Esq., 7880 W. Oakland Park Blvd., Suite 202, Sunrise, FL 33308.

Respectfully submitted,
**KEVIN GLEASON, P.A.**
2699 Stirling Road, Suite A-201
Fort Lauderdale, FL 33312
Attorneys for Debtor
(954) 893-7670

By: _____
Kevin Gleason, Esq.
Florida Bar No. 369500

UNITED STATES
BANKRUPTCY COURT
Southern District of Florida
Fort Lauderdale Division

# 99634973.0 — SR
December 13, 1999

| Code | Case # | Qty | Amount |
|---|---|---|---|
| APPEAL | 99-2110 | | 105.00 NO |
| | Judge — Paul G. Hyman | | |

TOTAL-> 105.00

FROM: Glenn

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In Re<br><br>JAMES E. RAFFERTY<br><br>        Debtor.<br>_____<br><br>HAROLD B. MURPHY, Trustee<br>for Fayette Corp.,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES E. RAFFERTY,<br><br>        Defendant. | In Bankruptcy<br><br>Case No. 99-20373-BKC-PGH<br><br><br><br><br><br><br><br>Adversary No. 99-2150-BKC-PGH-A |
| In Re<br><br>JOSEPH E. McCALLION<br><br>        Debtor.<br>_____<br><br>HAROLD B. MURPHY, Trustee<br>for Fayette Corp.,<br><br>        Plaintiff,<br><br>    v.<br><br>JOSEPH E. McCALLION,<br><br>        Defendant. | In Bankruptcy<br><br>Case No. 99-20357-BKC-PGH<br><br><br><br><br><br><br><br>Adversary No. 99-2140-BKC-PGH-A |

# OPINION

These matters are before the Court on the complaints to determine dischargeability of debt filed by Harold B. Murphy, Trustee for Fayette Corp. ("Plaintiff") against James E. Rafferty

-1-

("Rafferty") and Joseph E. McCallion ("McCallion") (sometimes collectively "Debtors") in their respective bankruptcies pursuant to 11 U.S.C. §523(a)(4).

The three principals of Fayette Corp. were Rafferty, McCallion, and the late Warren C. White ("White"). James R. Palmer ("Palmer") is the Executor of the Estate of White. Fayette Corp. operated a bar in downtown Boston, Massachusetts, known as the Haymarket, between 1984 and 1989. In 1989, Fayette Corp. filed for bankruptcy and went out of business. Palmer, individually and as executor of the Estate of White, filed suit in the Superior Court of Suffolk County in the Commonwealth of Massachusetts against Rafferty and McCallion and others alleging that Rafferty, McCallion and White had siphoned off for their personal use nearly $1,500,000, or approximately 1/3 of the Fayette Corp.'s gross earnings. The court ruled that Palmer was not entitled to recover any of the skimmed profits. Instead, the court held that, since Fayette Corp. was in bankruptcy, the funds belonged to Fayette Corp.'s bankruptcy trustee. At the conclusion of the five-day bench trial, the court entered judgment in favor of Plaintiff against McCallion in the amount of $574,325 plus interest. The court also entered judgment in favor of Plaintiff against Rafferty in the amount of $556,825 plus interest.

After the entry of the judgment, the parties filed cross-appeals. The Appeals Court upheld the judgments against Rafferty and McCallion. See Palmer v. Murphy et al., 42 Mass. App. Ct. 334 (Mass. App. Ct. 1997), review den'd 425 Mass. 1103 (1997), but

-2-

remanded the case for additional findings on other counts.

On July 9, 1993, the Superior Court of Suffolk County in the Commonwealth of Massachusetts once again entered a final judgment against McCallion in favor of Plaintiff in the amount of $574,325 plus interest at a rate of 12 percent per annum and against Rafferty in favor of Plaintiff in the amount of $556,825 plus interest at a rate of 12 percent per annum.

Rafferty and McCallion both filed bankruptcy in 1999. Plaintiff filed adversary complaints against Rafferty and McCallion pursuant to 11 U.S.C. §523(a)(4), contending that the debts owed to Plaintiff by Rafferty and McCallion are nondischargeable. Plaintiff further contends that the Findings of Fact, Rulings of Law and Order Concerning Judgment entered by the Massachusetts state court is determinative of the matter and that Defendants are collaterally estopped from contending otherwise.

Section 523(a)(4) of the Bankruptcy Code provides that "a discharge [in bankruptcy] does not discharge an individual debtor from any debt. . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." In order for Plaintiff to prevail under §523(a)(4), he must prove either (i) that the Debtor/Defendant committed fraud or defalcation while acting as a fiduciary, (ii) that the Debtor/Defendant is guilty of embezzlement, or (iii) that the Debtor/Defendant is guilty of larceny. The plaintiff bears the burden of proof by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 11 S.Ct. 654 (1991).

Plaintiff has alleged that McCallion and Rafferty's actions

-3-

constituted embezzlement. Embezzlement under §523(a)(4) has been defined as the "fraudulent appropriation of property by a person to whom such property was entrusted or into whose hands it has lawfully come." In re Weber, 892 F.2d 534, 538 (7th Cir. 1989) *quoting* Moore v. U.S., 160 U.S. 268, 269 (1895). To prove embezzlement, Plaintiff must show: (i) the Debtor/Defendant appropriated the subject funds for his own benefit, and (ii) the Debtor/Defendant did so with fraudulent intent or deceit. Weber, *supra*, 892 F.2d *at* 538. Fraudulent intent or deceit may be inferred from the totality of the circumstances. In re Mangel, 72 B.R. 516, 522 (Bankr. S.D. Fla. 1987).

Pursuant to the doctrine of collateral estoppel, a court is foreclosed from relitigating issues of fact and law previously litigated and decided in a prior suit. Refined Sugars, Inc. v. Southern Commodity Corp., 709 F.Supp. 1117, 1119 (S.D. Fla. 1988). Adjudication of the issue must have been necessary to the outcome of the prior suit. Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 94 F.3d 1514, 1518 n. 3 (11th Cir. 1996) *citing* Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5 (1979). The Seventh Circuit has stated:

> Where a state court determines factual questions using the same standards as the bankruptcy court would use, collateral estoppel should be applied to promote judicial economy by encouraging the parties to present their strongest argument. . . . Thus, if the requirements for applying collateral estoppel have been satisfied, then that doctrine should apply to bar relitigation of an issue determined by a state court.

Klingman v. Levinson, 831 F.2d 1292, 1295 (7th Cir. 1987). *See*

*also* In re Halpern, 810 F.2d 1061, 1064 (11th Cir. 1987). The United States Supreme Court has determined that collateral estoppel principles apply to dischargeability proceedings. Grogan v. Garner, *supra*, 498 U.S. at 285 n. 11. Although Congress has vested jurisdiction to determine the dischargeability of debt in the bankruptcy court, this does not mean that every last fact issue bearing on dischargeability must be relitigated, retried, and again decided when there has been a prior determination of the same facts by a court of competent jurisdiction. In re Powell, 95 B.R. 236, 238 (Bankr. S.D. Fla. 1989), *aff'd* 108 B.R. 343 (S.D. Fla. 1989), *aff'd* 914 F.2d 268 (11th Cir. 1990); In re Coover, 70 B.R. 554, 558 (Bankr. S.D. Fla. 1987).

On December 9, 1992, Judge Patrick J. King, Justice of the Superior Court, entered his original Findings of Fact, Rulings of Law and Order Concerning Judgment ("State Court Order"), the relevant portions of which were affirmed on appeal. The State Court Order is twenty-nine pages in length, and presents a detailed factual summary of the events leading up to the filing of the state court lawsuit. In addition, it addresses each of the allegations raised, applies the law to the facts, and explains the basis of the court's decision on each point.

On the issue of the breach of fiduciary duties by McCallion and Rafferty, Judge King expressly found that McCallion and Rafferty diverted Fayette's funds for their own benefit. The State Court Order describes in detail how cash receipts generated by Fayette Corp. were handled, how two sets of books were kept, and

-5-

how, in order to evade state and federal income taxes, McCallion, White, and Rafferty systematically appropriated large sums of cash from corporate receipts. Judge King stated that, "(t)he obvious and only sensible explanation for this (scheme) was to evade state and federal income taxes and, ultimately defraud Fayette's creditors." State Court Order at p. 24.

Based upon Judge King's previous ruling as set forth in his twenty-nine page Order, the Court finds the doctrine of collateral estoppel does apply in this case. As previously stated, Judge King found that McCallion and Rafferty fraudulently appropriated funds belonging to Fayette Corp. and its creditors after having been entrusted with said funds. These issues were fully litigated before Judge King, and his ruling on this point was necessary to the outcome of the state court action. Accordingly, a court of competent jurisdiction has already made sufficient factual findings for this Court to conclude that the debts due to Plaintiff by McCallion and Rafferty arose as a result of embezzlement. For these reasons, the state court judgment entered against McCallion and Rafferty is nondischargeable under Section 523(a)(4) of the Bankruptcy Code as a matter of law.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

ENTERED: *November 29, 1999*

*Larry Lessen*
LARRY LESSEN
UNITED STATES BANKRUPTCY JUDGE

-6-

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In Re )<br>)<br>JAMES E. RAFFERTY )<br>)<br>      Debtor. )<br>_____ )<br>)<br>HAROLD B. MURPHY, Trustee )<br>for Fayette Corp., )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>JAMES E. RAFFERTY, )<br>)<br>      Defendant. ) | In Bankruptcy<br><br>Case No. 99-20373-BKC-PGH<br><br><br><br><br><br><br><br>Adversary No. 99-2150-BKC-PGH-A |
| In Re )<br>)<br>JOSEPH E. McCALLION )<br>)<br>      Debtor. )<br>_____ )<br>)<br>HAROLD B. MURPHY, Trustee )<br>for Fayette Corp., )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>JOSEPH E. McCALLION, )<br>)<br>      Defendant. ) | In Bankruptcy<br><br>Case No. 99-20357-BKC-PGH<br><br><br><br><br><br><br><br>Adversary No. 99-2140-BKC-PGH-A |

## ORDER

For the reasons set forth in an Opinion entered this day,

IT IS THEREFORE ORDERED that the debt arising from the judgment entered by the Superior Court of Suffolk County, Massachusetts in favor of Harold B. Murphy, Trustee, against James

E. Rafferty be and is hereby declared nondischargeable pursuant to 11 U.S.C. §523(a)(4).

IT IS FURTHER ORDERED that the debt arising from the judgment entered by the Superior Court of Suffolk County, Massachusetts in favor of Harold B. Murphy, Trustee, against Joseph E. McCallion be and is hereby declared nondischargeable pursuant to 11 U.S.C. §523(a)(4).

ENTERED: *November 29, 1999*

---
LARRY LESSEN
UNITED STATES BANKRUPTCY JUDGE

*11/30/99*

CC: *Kevin Gleason*
*Lloyd Serini*